(38 App. Div. 107.)

REID v. GAEDEKE.

(Supreme Court, Appellate Division, First Department. March 10, 1899.)

NEW TRIAL.—NEWLY-DISCOVERED EVIDENCE.

Where, in preparing for the trial of an action against an executor for board furnished decedent, the executor, though he knew that decedent was absent occasionally in the time during which it was claimed board was furnished, and that decedent had relatives at a certain town, made no effort to ascertain the duration of such absences, supposing they were short, a new trial for newly-discovered evidence that such absences were of considerable length was properly refused.

Appeal from special term, New York county.

Action by Annie Reid against John G. L. Gaedeke, as executor of the will of Elizabeth S. Koetter, deceased. Judgment was rendered for plaintiff, and from an order denying a motion for a new trial defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

W. J. Lippmann, for appellant.
H. Necarsulmer, for respondent.

VAN BRUNT, P. J. This action was brought to recover upon two causes of action,—one for board alleged to have been furnished by the plaintiff to the decedent,—and this is the only cause of action to which the present appeal relates. The complaint alleges that from the 1st day of October, 1889, until the 1st day of April, 1892, a period of 132 weeks, Elizabeth Schneider Koetter occupied certain rooms in the plaintiff's premises, and was furnished with board by her. There was evidence tending to show that the deceased stayed the whole of these 132 weeks (except a short period of time) with the plaintiff. A recovery was had for the amount of the claim; and a motion was made for a new trial upon the ground that the defendant has, since the trial, discovered evidence showing that the deceased was absent and boarding elsewhere for a considerable portion of the time mentioned. Upon the hearing of the motion, it was denied, upon the ground that the defendant would have been in position to make the proof that he now presents, had he made a proper preparation of the case for trial, for which there was abundant time. With this conclusion we see no reason to differ. The evidence introduced upon the trial indicated absences of the decedent from the plaintiff's house when she was at Elizabeth, and the defendant well knew that she had relatives residing there; being the persons with whom it is now claimed she was boarding for various periods during the time involved in the plaintiff's claim. It was also indicated by the evidence of the plaintiff's brother that the deceased was absent occasionally, and it is apparent from the nature of the testimony in the case that the defendant was aware of this fact, and no effort whatever was made to get any evidence in respect thereto until after the trial. Although claims against the estate of a decedent are necessarily scrutinized with care, yet the ordinary rules governing the procuring of evidence are as applicable to these cases as to any others. There does not seem to have been the slightest attempt on the part of the defendant to investigate the circumstances of which he had notice, and it is only because their gravity has been called to his attention subsequent to the trial that they have been deemed of so much importance. Ordinary diligence and care in the preparation of this case for trial should have induced the defendant to investigate these circumstances in respect to absences of which he was well aware, the only matter in respect to which he might have been ignorant being their duration. If he has learned subsequent to the trial that they were longer than he had supposed, that forms no ground for a new trial, because he might have ascertained those facts just as well before the trial as after.

The motion for a new trial upon newly-discovered evidence being made upon the case (section 1002, Code Civ. Proc.), the plaintiff is entitled to full costs (Bolte v. Railroad Co. [decided Feb. 10, 1899] 57 N. Y. Supp. 1134).

The order should be affirmed, with costs. All concur.